IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIA SEGURA-SANCHEZ, *et al.*, <br><br> **Plaintiffs**, <br><br> **v.** <br><br> HOSPITAL GENERAL MENONITA, INC., *et al.*, <br><br> **Defendants**. | **Civil No**. 12-1760 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

On May 24, 2013, the Court ordered the parties to submit simultaneous briefs discussing whether subject matter jurisdiction exists. (Docket No. 69.) Two jurisdictional issues have been raised. First, whether the forum selection clause signed by Victor Martinez-Valdez ("Mr. Martinez") upon decedent Arquidiana Arvelo-Segura ("Ms. Arvelo")'s admission to the hospital on February 24, 2011, is enforceable. Second, whether Mr. Martinez, as Ms. Arvelo's widower, is an indispensable party who would destroy diversity jurisdiction because he is a forced heir, even though he has remarried. The Court addresses each issue in turn.

**DISCUSSION**

**I.   Forum Selection Clause Enforceability**

Defendant Mennonite General Hospital ("MGH") argues that pursuant to a forum selection clause Mr. Martinez executed on February 24, 2011, the Commonwealth of Puerto Rico is the only

Civil No. 12-1760 (FAB)                                             2

appropriate forum in which to file the claims set forth in the amended complaint.  (Docket No. 73 at 2.)  The Court disagrees, however, and finds the forum selection clause at issue to be illegal and unenforceable.[1]

As a matter of federal law, forum selection clauses "are prima facie valid."  <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 10 (1972).  Consequently, they "should be enforced unless . . . 'enforcement would be unreasonable and unjust, or . . . the clause was invalid for such reasons as fraud or overreaching . . . [or] enforcement would contravene a strong public policy of the forum in which suit is brought.'"  <u>Rivera v. Centro Medico de Turabo, Inc.</u>, 575 F.3d 10, 18 (1st Cir. 2009) (quoting <u>M/S Bremen</u>, 407 U.S. at 15).  The First Circuit Court of Appeals has noted that Regulation No. 7617 reflects a strong public policy in Puerto Rico today that forum selection clauses in informed consent forms are

---

[1] To obtain treatment for Ms. Arvelo, Mr. Martinez signed a document which purported to limit the patient's options for litigation and to obligate the patient to file any legal claim "only and exclusively before the Courts of First Instance of the Commonwealth of Puerto Rico." (Docket No. 71-2 at 1.)

Civil No. 12-1760 (FAB)                                              3
_____

unenforceable.[2]  Rivera, 575 F.3d at 23.  Indeed, the Puerto Rico Supreme Court has held that the inclusion of "forum selection clauses in the informed consent documents presented to patients . . . has been validly banned in our legal system." Garcia-Mones v. Groupo HIMA San Pablo, Inc., 875 F. Supp. 2d 98, 105-06 (D.P.R. 2012) (Besosa, J.) (citing Centro Medico del Turabo, Inc. v. Departamento de Salud, 2011 TSPR 35, 181 D.P.R. 72, 77 n.1 (2011).

Defendant MGH seeks to distinguish the forum selection clause in this case from the forum selection clause in Garcia-Mones that this Court held to be unenforceable.  It does so by merely stating that in this case, the forum selection clause was not contained in an informed consent or an analogous form.  (Docket No. 73 at 3.) Rather, '[t]he informed consent form was separate and the "Personal

_____
[2] In Puerto Rico, Regulation No. 7617 bans the inclusion of forum selection clauses in documents used to secure medical patients' informed consent.  Office of the Patient's Advocate of P.R. (OPA), Regulations to Implement the Provisions of Public Law 194 of August 25, 2000, Regulation No. 7617, art. 13, § 8(C)(2) (Nov. 21, 2008).  Regulation No. 7617 replaced Regulation No. 7504, which the OPA passed on May 12, 2008. The court of appeals addressed Regulation No. 7504 (because No. 7617 had not yet been passed) in Rivera, but the relevant language on forum selection clauses at issue in this case is identical in both regulations. The Regulation states, in pertinent part:

> It is strictly prohibited that a provider requests a patient or make[s] part of the informed consent to be signed by the patient, the following: . . . (2) Legal clauses foreign to the field of medicine or health or related to the condition of the patient or treatment to be provided to the patient.  Such as, but not limited to: [f]orum selection clauses.

(Docket No. 71-1 at 3.)

Civil No. 12-1760 (FAB)                                                    4

Responsibility for Invoice Payment" form including a section on "Legal Claims" with a forum selection clause or agreement contains specific language as to the course of action that a patient can follow if he or she disagrees with the forum selection." Id. at 6. Without any further analysis, defendant MGH simply concludes "that in such circumstances the Garcia-Mones holding would be inapplicable in the case at hand." Id. at 6-7.

Even assuming — favorably to defendants — that the forum selection clause in this case was not included in the informed consent document presented to Mr. Martinez, the Court is unpersuaded by defendant MGH's contention. Forum selection clauses contained in medical admissions forms also violate Puerto Rico's public policy and are unenforceable. See, e.g., Vazquez v. Hosp. Episcopal Cristo, 2011 U.S. Dist. LEXIS 147274 (D.P.R. 2011) (Fuste, J.) (relying on Regulation No. 7617 to conclude that a forum selection agreement a mother signed as part of her minor son's admission to the hospital was against Puerto Rico's public policy and unenforceable); Prince v. Hosp. HIMA San Pablo-Caguas, 2013 U.S. Dist. LEXIS 62528, 2013 WL 1840578 (D.P.R. 2013) (Perez-Gimenez, J.) ("Certainly, the enactment of Regulation No. 7617 is a testament to the public policy of prohibiting the enforcement of forum selection clauses included in admissions documents for medical treatment."). Like in Vazquez and Prince, the forum selection clause in this case was signed to gain admission to the

Civil No. 12-1760 (FAB)                                                5

hospital under emergency circumstances.  (See Docket Nos. 71-2 to 71-5 & 77-1.)  Accordingly, the strong public policy against forum selection clauses in hospital admissions documents applies here.  Because the forum selection clause violates that public policy, it is unenforceable.

**I.   Subject Matter Jurisdiction**

The second issue before the Court is whether subject matter jurisdiction exists over plaintiffs' survivorship claim despite Mr. Martinez's absence as a party.  Defendant Dr. Ramon Perez-Ramirez and his conjugal partnership (collectively, "Dr. Perez") submit that all legal heirs to Ms. Arvelo's "sucesion," including her widower, must be joined for the survivorship claim to proceed.  (Docket No. 70 at 2.)  Because several defendants and Mr. Martinez have citizenship in Puerto Rico, joining Mr. Martinez as a party would destroy diversity jurisdiction.  Id.  Dr. Perez therefore seeks dismissal of the survivorship claim.  In contrast, the plaintiffs admit that as a widower, Mr. Martinez is a forced heir, but contend that he is an heir only as the holder to the right of usufruct, which they claim is not an ownership or property right but rather a lien or encumbrance over the deceased's estate.  (Docket No. 71 at 6-8.)  They claim that Mr. Martinez's right over the survivorship claim is also in usufruct and not in ownership; and that only the owners ("the heirs") may exercise the survivorship cause of action, and that "[o]nce such cause of action

Civil No. 12-1760 (FAB)                                                6

bears fruit (if any), the heirs must respect the usufruct . . . ." Id. at 7-8.  Accordingly, they would have the Court believe that Mr. Martinez is "different, in terms of the indispensable-party analysis," than the other heirs and is not an indispensable party to the federal litigation.  Id. at 7.  Having reviewed the arguments contained in both parties' briefs, the Court rejects plaintiffs' contentions.

This Court has previously held that a widower is a forced heir:[3]

> [p]ursuant to Puerto Rico law, a widow[er] is an heir, because a surviving spouse is entitled to a hereditary portion of the deceased spouse's estate called the "usufructo viudal." Delgado v. Bowen, 651 F. Supp. 1320, 1322 (D.P.R. 1987) (Fuste, J.); P.R. Laws Ann. tit. 31, §§ 2411-2416; see also Luce & Co. v. Cianchini, 76 P.R.R. 155, 162, 76 D.P.R. 165 (1954) ("[T]he widow[er]'s usufructuary quota is the legal portion . . . which the law reserves for the surviving spouse, who is a forced heir."); Moreda v. Rosselli, 141 D.P.R. 674, 682, 1996 Juris P.R. 131 (1998) ("We have repeatedly held that the widow[er] spouse is a forced heir.").

Pino-Betancourt v. Hosp. Pavia Santurce, 2013 U.S. Dist. LEXIS 31755, 7-8 n.3 (D.P.R. 2013) (Besosa, J.).  That the widower's quota is held in usufruct does not lead to the conclusion that his status as an heir is somehow secondary to other heirs.  To the contrary, the Puerto Rico Supreme Court has ruled that a widower's

---

[3] The Supreme Court of Puerto Rico defines "forced heirship" as "that portion of the estate that the testator cannot dispose of, because the law has reserved it for particular heirs." Clavelo-Perez v. Hernandez-Garcia, 177 D.P.R. 822, 837 n.53 (2010) (Translation provided as the attachment to this Memorandum and Order.).

Civil No. 12-1760 (FAB)                                                  7

usufruct is a "legitimate share" in the intestate inheritance. Clavelo-Perez v. Hernandez-Garcia, 177 D.P.R. 822, 824 (2010); id. at 840 (finding that a remarried widower "is entitled to the usufructuary widower's share."). "[T]he Civil Code itself has established that the surviving spouse is a legitimate heir, granting him or her a right in the estate of the deceased." Id. at 840. Moreover, the widower's presence is required alongside all other heirs until all matters regarding the estate are resolved:

> "A surviving spouse . . . must appear at the estate division process until such time as all other heirs have paid or commuted the surviving spouse's share, which can be done by assigning an annuity for life from the proceeds of certain assets or liquid capital. In other words, the properties within the estate shall be encumbered by the widow/widower's usufruct until such time as the conversion takes place."

Id. at 837. In light of such precedent, the Court cannot subscribe to plaintiffs' argument that a widower is "different" from other heirs such that his absence from a survivorship claim may be excused.

As the Court has iterated before, "[a]ll heirs to an estate must be joined as parties to a survivorship lawsuit because a 'sucesion' is not an entity distinct and separate from the persons composing it and does not have existence by itself as a juridical person or entity." Pino-Betancourt, 2013 U.S. Dist. LEXIS 31755 at 7 (internal quotations and citations omitted). Pursuant to Fed.R.Civ.P. 19, the Court finds that Mr. Martinez is a necessary and indispensable party to the survivorship claim because he is a

Civil No. 12-1760 (FAB)                                                 8

member of Ms. Arvelo's "sucesion."  See Cruz-Gascot, 728 F.Supp.2d at 26-31; Pino-Betancourt, 2013 U.S. Dist. LEXIS 31755 at 7.  In a case grounded in diversity of citizenship, however, "the absence of a non-diverse, indispensable party to the survivorship claim is not a mere procedural defect.  Rather, it destroys the district court's original subject matter jurisdiction."  Cruz-Gascot, 728 F.Supp.2d at 31.  Thus, including Mr. Martinez as a plaintiff will destroy diversity jurisdiction.  Plaintiffs may not manufacture diversity in order to gain access to federal court, and "[w]hen a survivorship claim arising under article 1802 does not include all heirs of the estates, dismissal is warranted."  Pino-Betancourt, 2013 U.S. Dist. LEXIS 31755 at 5.  Accordingly, the Court must **DISMISS WITHOUT PREJUDICE** plaintiffs' survivorship claim.  Each individual plaintiff's claim for his or her own pain and suffering due to Ms. Arvelo's death, however, survives.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 12, 2013.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE